IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez

Civil Action No. 13-cv-01378-WJM

MACK THOMAS,

    Applicant,

v.

RAE TIMME, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant, Mack Thomas, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Colorado Territorial Correctional Facility in Canón City, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 1]. Mr. Thomas challenges the validity of his convictions and sentences imposed in the District Court of Boulder County, Colorado. He has paid the $5.00 filing fee.

    On May 29, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on June 14, 2013. [Doc. # 7]. Applicant filed a Reply on July 9, 2013 [Doc. # 8].

    The Court construes Mr. Thomas's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I. Background and State Court Proceedings

In 1986, Mr. Thomas was convicted by a jury in Boulder County District Court Case No. 85CR736 of two counts of sexual assault on a child.  The state court sentenced him to consecutive sentences of four and six years.  *See Thomas v. People*, 803 P.3d 144 (Colo. 1990) [Doc. # 7-2].  Mr. Thomas subsequently filed a post-conviction motion pursuant to Colo. R. Crim. P. 35(c) that resulted in the state appellate court reversing his convictions and remanding the case to the state district court for a new trial.  *See People v. Thomas*, 867 P.2d 880, 888 (Colo. 1994) [Doc. # 7-3].

Mr. Thomas was retried in March 1997 and the jury convicted him of one count of sexual assault on a child by one in a position of trust and one count of sexual assault. [Doc. # 7-10, at 3].  On April 23, 1997, the state district court sentenced Applicant to sixteen years imprisonment for one victim, and lifetime probation for the other victim. [Doc. # 7-1, at 12].   On June 16, 2003, the Colorado Court of Appeals issued a mandate dismissing Applicant's direct appeal with prejudice. [*Id.* at 7].

Mr. Thomas then filed a state post-conviction motion, which was denied by the trial court.  The Colorado Court of Appeals affirmed in *People v. Mack W. Thomas*, No. 04CA0202 (Colo. App. May 25, 2006) (unpublished). [Doc. # 7-4].  He filed another post-conviction motion in 1997 that was denied as time-barred.  The district court's order was affirmed in *People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008). [Doc. #7-5].

In the meantime, in 2007, Mr. Thomas filed an application for federal habeas relief in this Court in Civil Action No. 07-cv-00114-LTB-MEH, raising several claims pertaining to the direct appeal of his conviction and the denial of his various post-conviction motions. The Court denied relief on procedural grounds and on the merits. [*See Thomas v. Ortiz*, Action No. 07-cv-00114-LTB-MEH, Doc. ## 100, 102].

On June 15, 2009, the probation department filed a complaint to revoke Applicant's lifetime probation, alleging six violations of probation conditions. [Doc. # 7-10, at 4]. In response, Mr. Thomas sent a letter to the state district court confessing to each of the six violations and requesting a termination of his probation. [*Id.*].

On August 14, 2009, at the revocation hearing, Mr. Thomas affirmed his admission of each of the six violations and his desire for probation termination. The state district court found that Applicant waived his right to an evidentiary hearing, accepted his admissions, and revoked his probation. (Doc. # 7-1, at 4; # 7-10, at 4]. On September 18, 2009, the state district court sentenced Mr. Thomas to an eight-year prison term with the CDOC. [Doc. # 7-1, at 3].

On October 29, 2009, Mr. Thomas filed a Colo. R. Crim. P. 35(a) motion to correct illegal sentence, which was denied by the state district court on February 1, 2010. [*Id.* at 3]. The Colorado Court of Appeals affirmed the district court's order on October 6, 2011. [Doc. # 7-10]. Applicant's petition for certiorari review was denied by the Colorado Supreme Court on July 16, 2012. [Doc. # 7-12].

Mr. Thomas filed his federal § 2254 application on May 28, 2013, raising three issues: (1) whether his waiver of right to counsel for representation at the probation revocation hearing was valid; (2) whether, after retrial, the state district court lawfully

3

sentenced him to a longer sentence after a probation revocation when the court did not make an affirmative finding justifying an increased sentence; and, (3) whether the corpus delecti rule should apply to probation revocation hearings where the new allegations do not involve an alleged criminal offense.[1] [Doc. # 1, at 3-4].

Respondents argue that claims one and three in the Application are barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further contend that claim three presents a state law issue that is not cognizable on federal habeas review. Respondents concede that claim two in the Application is timely and that Mr. Thomas exhausted state remedies for that claim.

## II. AEDPA Time Bar

Respondents first maintain that claims one and three in the Application are untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The Court notes that the instant § 2254 Application is not a second or successive petition because the factual basis of the claims asserted by Mr. Thomas did not arise until 2009 and therefore could not have been raised in his prior federal habeas proceeding. *See* 28 U.S.C. § 2244(b)(2)(B)(i).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). *See also Prendergast v. Clements*, 699 F.3d 1182, 1185 (10th Cir. 2012) ("As provided by [28 U.S.C. § 2244(d)(1)], the limitations period begins to run on the latest of four possible dates.").

## A. Claims One and Three

### 1. timeliness

Mr. Thomas's first and third claims for relief raise issues concerning his 2009 probation revocation proceeding. The factual predicate of the claims could not have been discovered until the revocation hearing was held on August 14, 2009. As such, the one-year limitation period commenced on August 15, 2009. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

The Court must next determine whether Mr. Thomas filed state post-conviction motions that tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Thomas filed a post-conviction motion on October 29, 2009, **75 days** after the one-year limitation period began to run. The AEDPA time clock commenced again on July 16, 2012, when the Colorado Supreme Court denied his petition for certiorari review in the state post-conviction proceeding. Another **315 days** elapsed before Mr. Thomas filed his federal application in this Court on May 28, 2013. The Court therefore finds that Mr. Thomas filed claims one and three after the statutory one-year filing period expired.

Mr. Thomas argues in his Reply brief that claims one and three are timely because he filed a motion with the state district court on September 22, 2009 "noting the eight year sentence is illegal and requesting appointment of counsel to perfect an

appeal." [Doc. # 8, at 2; *see also* Doc. # 1, at 3].  Applicant argues that this motion tolled the limitations period 38 days after the statutory period commenced, and that the statute remained tolled until the Colorado Supreme Court denied certiorari review in his state post-conviction proceeding on July 16, 2012. [*Id.*].  Mr. Thomas thus calculates that only 353 days elapsed on the AEDPA time clock before he filed his federal application asserting claims one and three.

Applicant's argument misses the mark.  The motion for appointment of counsel he filed in the state district court on September 22, 2009 was not an application for state post-conviction review that tolled the limitations period.  *See Pursley v. Estep,* No. 06-1496, 216 F. App'x 733, 734 (10th Cir. Feb. 8, 2007) (unpublished) (finding that motions for appointment of counsel in post-conviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period); *see also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (motion for transcripts does not toll the one-year limitations period under 28 U.S.C. § 2244(d)(2)); *Wall v. Kholi*, 131 S.Ct. 1278, 1285 (2011) (defining application for state post-conviction review as a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process).  Accordingly, because claims one and three were filed after expiration of the one-year statutory filing period, the claims are time-barred unless equitable tolling applies.

### 2.  equitable tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d

976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)).

Mr. Thomas does not allege any facts in his § 2254 Application or Reply to meet his burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Finally, the Court finds that Mr. Thomas does not allege any facts to demonstrate that he is actually innocent of the conduct resulting in his probation revocation or that he actively pursued his judicial remedies but filed a defective pleading within the statutory period. Accordingly, the Court will dismiss claim ones and three, which challenge the legality of his probation revocation proceeding, as time-barred.

**B. Claim Two**

Respondents concede that claim two is timely because it pertains solely to the state district court's imposition of an eight-year sentence at the resentencing hearing after Mr. Thomas' probation was revoked. The factual predicate of claim two was first discovered at the resentencing hearing held on September 18, 2009. The one-year period commenced on September 19, 2009 and was tolled **40 days** later when Mr.

Thomas filed a state post-conviction motion on October 29, 2009. The AEDPA time clock began to run again on July 17, 2012, the day after the Colorado Supreme Court denied Applicant's petition for certiorari review, and ran for **315 days** until Mr. Thomas filed his federal application. Accordingly, the Court finds that Mr. Thomas filed claim two of his federal application within the 365-day AEDPA filing period. *See* 28 U.S.C. § 2244(d)(1).

## IV. Exhaustion of State Court Remedies for Claim Two

Respondents concede that Mr. Thomas exhausted state remedies for his second claim by raising the claim to the Colorado Court of Appeals as a federal constitutional issue in a state-post conviction proceeding and presenting the claim to the Colorado Supreme Court in a petition for certiorari review. [Doc. #7, at 13-14].

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

The Court agrees that Mr. Thomas exhausted state remedies for his second claim.  [*See* Doc. # 7-6, at 22-26; # 7-11, at 11-14].  Because claims one and three are untimely, the Court need not address whether Applicant exhausted state court remedies for those claims.

**V.  Issue of State Law**

Respondents argue, in the alternative, that claim three of the § 2254 Application raises an issue of state law that is not cognizable on federal habeas review.

Mr. Thomas asserts in claim three that the state district court should have applied the corpus delecti rule to his probation revocation hearing where the new allegations did not involve an alleged criminal offense.  Applicant presented this claim as an issue of state law in both his federal application and in the state post-conviction proceedings.  [*See* Doc. # 1, at 7; # 7-6, at 27-32; # 7-10, at 13-14].

A federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  *See Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law,'" quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted).  Because claim three fails to present a federal issue, it is subject to dismissal on that ground, in addition to being untimely.

**VI.  Orders**

For the reasons discussed above, it is

ORDERED that claim one and three of the § 2254 Application are DISMISSED as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Claim three is dismissed on the additional ground that it fails to raise a federal issue cognizable on federal habeas review.  It is

FURTHER ORDERED that within thirty (30) days, Respondent(s) shall file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claim 2 of the Application.  It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 22nd day of July, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge