**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez**

Civil Action No. 13-cv-01378-WJM

MACK THOMAS,

      Applicant,

v.

RAE TIMME, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

---

Applicant, Mack Thomas, has filed *pro se* an Application for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 1]. Respondents filed an Answer on
July 26, 2013, and Applicant filed a Reply on August 20, 2013. Having considered the
same, along with the state court record, the Court will deny the Application.

## I. BACKGROUND

In 1986, Applicant was convicted by a jury in Boulder County District Court Case
No. 85CR736 of two counts of sexual assault on a child. The state court sentenced him
to consecutive sentences of four and six years. *See Thomas v. People*, 803 P.3d 144
(Colo. 1990) [Doc. # 7-2]. Applicant subsequently filed a post-conviction motion
pursuant to Colo. R. Crim. P. 35(c) that resulted in the state appellate court reversing
his convictions and remanding the case to the state district court for a new trial. *See
People v. Thomas*, 867 P.2d 880, 888 (Colo. 1994) [Doc. # 7-3].

Applicant was retried in March 1997 and the jury convicted him of one count of sexual assault on a child by one in a position of trust, for which he was sentenced to sixteen years, and one count of sexual assault on a child, for which he was sentenced to lifetime probation. [Doc. # 7-1, at 12; # 7-10, at 3].

In 2006, Applicant began his probation term, and the state district court's orders denying his post-conviction motions were affirmed on appeal in *People v. Mack W. Thomas*, No. 04CA0202 (Colo. App. May 25, 2006) (unpublished). [Doc. # 7-4].

Applicant filed another post-conviction motion in 2007 that was denied as time-barred. *See People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008). [Doc. #7-5].

In 2009, the probation department filed a complaint to revoke Applicant's lifetime probation, alleging six violations of probation conditions. [Doc. # 7-10, at 4]. Upon Applicant's confession to the probation violations, the state district court revoked his probation and sentenced him to an eight-year prison term with the Colorado Department of Corrections (CDOC). [Doc. # 7-1, at 3, 4; # 7-10, at 4]. The Colorado Court of Appeals affirmed the eight year sentence in *People v. Mack W. Thomas*, No. 09CA2470 (Colo. App. Oct. 6, 2011) (unpublished). [Doc. # 7-10]. Applicant's petition for certiorari review was denied by the Colorado Supreme Court on July 16, 2012. [Doc. # 7-12].

Applicant filed his federal § 2254 application on May 28, 2013, raising three issues: (1) that his waiver of counsel at the probation revocation proceeding was not valid; (2) that the eight-year sentence imposed upon revocation of his probation violates federal law because the sentence is four years longer than his original sentence and the sentencing court did not make an affirmative finding justifying the increased sentence; and, (3) that the state district court should have applied the corpus delecti rule to his

2

probation revocation hearing where the alleged probation violations did not involve an alleged criminal offense. [Doc. # 1, at 6-7].

In a previous order, the Court determined that claims one and three of the Application were barred by the one-year limitation period in 28 U.S.C. § 2244(d). [Doc. # 13]. The Court further found that claim three presents a state law issue that is not cognizable on federal habeas review.  [*Id.*].  Respondents conceded in the pre-answer response that claim two of the Application is timely and that Applicant exhausted the claim in the state courts as a federal constitutional issue.  [Doc. # 7, at 9-10]. Accordingly, the Court addresses the merits of claim two below.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2254

A § 2254 Application can be granted only if the adjudication of the applicant's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Pursuant to § 2254(e)(1), the court must presume that the state court's factual determinations are correct and the applicant bears the burden of rebutting the presumption by clear and convincing evidence.

### B.  *Pro se* Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  An applicant's *pro se* status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III.  MERITS

Applicant asserts, in claim two of the Application, that the eight-year sentence imposed upon revocation of his probation violates federal law because the sentence is four years longer than his original sentence and the sentencing court did not make an affirmative finding justifying the increased sentence.  [Doc. # 1, at 7].

Following his original convictions in 1986, Applicant was sentenced to six years in prison based on his conviction for sexual assault on a child by one in a position of trust, with respect to victim L.T. (a class three felony) and four years in prison based on his conviction for sexual assault on a child, with respect to victim J.P. (a class four

4

felony).[1]  On retrial in 1997, Applicant was convicted of the same counts.[2]  He was

sentenced to sixteen years in prison based on his conviction relating to L.T. and

sentenced to lifetime probation for his conviction relating to J.P.[3]  Upon revocation of

Applicant's probation in 2009, he was sentenced to an eight-year prison term in the

Colorado Department of Corrections.[4]

The Colorado Court of Appeals rejected Applicant's claim challenging the eight-

year sentence based on the following reasoning:

> We reject [Applicant's] contention that the trial court erred in sentencing him to eight years in prison, a sentence four years longer than originally imposed after his first trial.
>
> If a defendant's probation is revoked, the trial court may impose any sentence that might originally have been imposed. § 16-11-206(5), C.R.S. 2011; *Fierro v. People*, 206 P.3d 460, 465 (Colo. 2009).
>
> Relying on *Misenhelter v. People*, 234 P.2d 657 (Colo. 2010), the trial court determined that the conviction on Count 1 was brought and tried separately, involved a different victim, and therefore, could be used to aggravate [Applicant's] sentence without violating the constitutional requirements described in *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny. The trial court also made findings justifying the upper limit of the aggravated sentence range, including that [Applicant] was a police officer who threatened the five-year-old victim that he and his mother would be jailed if the victim told anyone about the assaults, the assaults were egregious and repetitive, the victim was especially vulnerable because of the recent death of his father, and [Applicant] continually denied culpability.
>
> [Applicant] does not contend that these findings were insufficient to justify an aggravated sentence or otherwise claim that the eight-year

---

[1] *See* State Court R., Court File, at 221, 222; 9/24/86 Sentencing Tr.

[2] *See id.,* Court File, at 381.

[3] *See id.*, 4/23/97 Sentencing Tr.

[4] *See id.*, 9/18/09 Sentencing Tr.

sentence could not have been originally imposed.  Rather, he contends
that pursuant to *North Carolina v. Pearce*, 395 U.S. 711 (1969), his
sentence could only be increased based upon conduct occurring after the
time of the original sentencing proceeding and the revocation court was
limited to a four-year maximum sentence absent affirmative findings
justifying an increased sentence. However, *Pearce* applies to
resentencing upon retrial, not to sentencing upon probation revocation. *Id.*
at 722 ("we deal here, not with increases in existing sentences, but with
the imposition of wholly new sentences after wholly new trials").
Additionally, the due process concern addressed in *Pearce* protects a
defendant from the fear of a vindictive sentence that may
unconstitutionally deter his or her exercise of the right to appeal or
collaterally attack a conviction. *Id.* at 725. The record here contains no
evidence of retaliatory motivation on the part of the sentencing court. The
trial court clearly stated the reasons for the aggravated sentence.

  Because the trial court imposed a sentence that could originally
have been imposed, we perceive no error in the eight-year sentence. *See
Fierro*, 206 P.3d at 465.

[Doc. # 7-10, at 10-12].

  As an initial matter, the Court observes that Applicant did not raise a *Blakely*

challenge to his eight-year sentence in the state appellate court or in his federal

application,[5] nor does he contend that the sentence was not authorized by state law, so

as to violate the Constitution.[6]  *See Dennis v. Poppel,* 222 F.3d 1245, 1258 (10th Cir.

---

[5]The Court notes, however, that it is questionable whether the rule of *Blakely* applies to probation
revocation proceedings. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding that the "revocation
of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a
proceeding does not apply"); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (applying *Morrissey* in context
of probation revocation).

[6]In any event, the eight-year sentence was authorized by the Colorado statutes in effect at the
time of Applicant's original sentence in 1986.  *See* § 16-11-206(5) (2009) (If a defendant's probation is
revoked, the trial court may impose any sentence that might originally have been imposed); § 18-4-
405(1), (2) (1986 Repl. Vol.) (sexual assault on a child is a class four felony); § 18-1-105(1)(a)(II) (1986
Repl. Vol.) (presumptive range for class four felony is two to four years); and § 18-1-105(6) (1986 Repl.
Vol.) (authorizing sentence up to twice the presumptive range if aggravating circumstances are found).

2000).  Instead, his claim is confined to an asserted violation of *North Carolina v. Pearce*. [Doc. # 1, at 7; Doc. # 7-6 (Opening Brief), at 22-24].

In *Pearce*, the Supreme Court recognized that to "assure the absence of [vindictiveness]" that would deter defendants from challenging their convictions, the Due Process Clause requires that

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear and must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

395 U.S. at 726, over-ruled on other grounds by *Alabama v. Smith*, 490 U.S. 794 (1989).  *Smith* narrowed *Pearce* by holding that the defendant has the burden "to prove [that] actual vindictiveness," 490 U.S. at 799-800, caused the higher sentence and that a presumption of vindictiveness arises only in circumstances "in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority," *id*. at 799 (citation and internal quotation marks omitted).  Generally, the presumption of vindictiveness does not apply when the second sentencing authority is a different entity than the original sentencing authority. *Texas v. McCullough*, 475 U.S. 134, 140 (1986).

The Court finds that Applicant's resentencing following his probation revocation was not contrary to, or an unreasonable application of, *Pearce* or *Smith*.  Notably, Applicant does not challenge his sentence on retrial of the original charges.  Indeed, he received a sentence to probation upon retrial, which was less than the sentence to incarceration imposed after the original trial.  *Pearce* and its progeny do not purport to address the sentence imposed after an offender's probation is revoked.  The rationale

7

for the Court's holding in *Pearce* – to ensure that a criminal defendant is not punished for exercising his constitutional rights to appeal and to trial de novo – is not implicated in a probation revocation proceeding.

Moreover, even if *Pearce* and *Smith* could arguably be extended to revocation proceedings, a presumption of vindictiveness does not arise because the sentencing judge in the probation revocation proceeding was not the same judge who imposed Applicant's original sentence. *McCullough*, 475 U.S. at 140. In addition, any presumption of vindictiveness has been overcome by the objective reasons stated by the sentencing court justifying the eight-year sentence. Specifically, although the 2009 sentencing court relied on the same factors found by the original sentencing court in 1986, the court also found compelling the following additional factors: (1) the Applicant continued to deny his culpability for the sexual assaults, despite the jury's determination of proof beyond a reasonable doubt, and despite having been offered extensive treatment services; and, (2) the Applicant had engaged in conduct specifically prohibited for a person on probation for a sexual offense, including having a sexual relationship with his stepson's wife and engaging in computer usage and viewing of pornography.[7] These are objective factors that negate a finding of vindictiveness. *See Pearce*, 395 U.S. at 723 ("[a] trial judge is not constitutionally prohibited . . . from imposing a new sentence, whether greater or less than the original sentence, in light of events subsequent to the first trial that may have thrown new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.") (internal citation and

---

[7]State Court R., 9/18/09 Sentencing Tr., at 31-32; *see also* 8/14 /09 Hrg. Tr. (probation revocation), at 8, 10-11.

quotation marks omitted); *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973) (recognizing that the *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against vindictiveness in the resentencing process").

Applicant does not point to anything in the state court record to suggest "a reasonable likelihood" that the eight-year sentence was the "product of actual vindictiveness by the sentencing authority," *Smith*, 490 U.S. at 799 (citation and internal quotation marks omitted), nor is there any evidence of actual vindictiveness.

Accordingly, the Court finds that state appellate court's determination was consistent with *Pearce* and *Smith* and was based on a reasonable determination of the facts in light of the evidence presented in the state court proceeding.  Applicant thus cannot prevail on claim two of the Application.

**V.  Orders**

Accordingly, it is ORDERED:

1.      Applicant Mack Thomas's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED and this action is DISMISSED WITH PREJUDICE.

2.      No certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

3.      *In forma pauperis* status is DENIED for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant

files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 8th day of October, 2013.

BY THE COURT:

_____

William J. Martinez
United States District Judge

10